**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **CALVIN MOERBE** | § § § | |
| *Plaintiff,* | § § | |
| V. | § § | **CIVIL ACTION NO. 1:20-CV-1018** |
| **CYCLONE TRUCKING CO. INC, AND TONY LEWIS ADCOCK** | § § § § | |
| *Defendants.* | § | **PLAINTIFF DEMANDS A JURY** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

CALVIN MOERBE, Plaintiff (hereinafter referred to by name or as "Plaintiff") by and through his attorneys of record, Thomas J. Henry Law PLLC, respectfully allege as follows:

**NATURE OF THE CASE**

1. This is a civil action, and Plaintiff's Original Complaint, for personal injuries and damages suffered by Plaintiff against Defendants CYCLONE TRUCKING CO. INC., (hereinafter referred to individually "as Defendant" or "Cyclone Trucking" and jointly as "Defendants") and TONY LEWIS ADCOCK, (hereinafter referred to individually "as Defendant" or "Mr. Adcock" and jointly as "Defendants").  This action arises out of a motor vehicle collision that occurred on or around the 10th of June, 2019, on or around US Highway 79, in Williamson County, Texas.  On or around the aforementioned date and location, a commercial vehicle driven by Mr. Adcock during the course and scope of his employment with Cyclone Trucking, violently collided with Plaintiff's vehicle, striking it more than once and causing substantial, catastrophic, and irreparable

injuries and damages to the Plaintiff. The Defendants' negligence, negligence per se, gross negligence, and recklessness was the producing and proximate cause of the injuries and damages Plaintiff sustained.

## PARTIES

2. Plaintiff, CALVIN MOERBE, is a resident of Taylor Texas, Williamson County, and citizen of the State of Texas.

3. Defendant TONY LEWIS ADCOCK, is an individual residing in Durant, Oklahoma, and maybe served with citation at his residence 12 Isabella Ct., Durant, OK 74701.

4. Defendant CYCLONE TRUCKING CO. INC., on information and belief, is a foreign corporation, non-resident of Texas that engages in business in Texas. It is further believed that the nonresident Defendant does not maintain a regular place of business in Texas. Upon information and belief, Defendant does not have a designated agent for service of process in Texas. Thus, pursuant to TEX CIV. PRAC. & REM. CODE §17.044(b), Defendant can be served with citation and process by serving its President Ms. Kathleen Moore at its corporate headquarters Highway 70 South, Madill, Oklahoma 73446.

## VENUE AND JURISDICTION

5. This Court has original jurisdiction over this action under 28 U.S.C. § 1332, in that the amount in controversy exceeds seventy-five thousand dollars ($75,000) and Plaintiff is a citizen of Texas, which is different from the state where the Defendants reside, or are incorporated. Defendants reside, are citizens of, and have their principle place of business in the state of Oklahoma.

6. Venue is proper in this district, because the incident made the basis of this suit occurred in Williamson County, in the state of Texas, which falls within the jurisdiction of this

Court.  Further any potential witness to the incident is likely to reside in Texas and at or near the county of Williamson or Travis.

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein verbatim.

### CYCLONE TRUCKING DRIVER: TONY LEWIS ADCOCK

8. On or around the 10th of June, 2019, the date of the incident made the basis of this complaint, Mr. Adcock was employed by Cyclone Trucking as a driver.

9. On the date of the incident, Mr. Adcock's residence was at 12 Isabella Ct., Durant, Oklahoma 74701.

10. Upon information and belief, on the date of the incident, Mr. Adcock was in the process of transporting goods across state lines or, in the alternative, was returning from transporting goods on behalf of his employer Cyclone Trucking.  As part of his duties, on the date of this incident, Mr. Adcock was operating a 2015 Black Kenworth tractor with an attached trailer, with a combined estimated weight of over 10,000 pounds.

### CYCLONE TRUCKING

11. On or around the 10th of June, 2019 (the date of the incident made the basis of this complaint) Cyclone Trucking was an owner, fleet manager, and operator of commercial vehicles, with a fleet of approximately 51 vehicles and employing approximately 52 drivers.  Thus, Plaintiff alleges that Cyclone Trucking, United States Department of Transportation Number 322180, is a commercial interstate trucking company with a fleet and drivers under its direct supervision, management and control.

12. On the date of the incident, Cyclone Trucking's principle place of business, and

corporate headquarters was Highway 70 South, Madill, Oklahoma 73446.

13. Upon information and belief, on the date of the incident, Cyclone Trucking was in the process of transporting goods across state lines, or in the alternative, was returning from transporting goods by and through its employee Mr. Adcock and as part of its usual and customary business. As part of his duties, on behalf of Cyclone Trucking, Mr. Adcock was operating a 2015 Black Kenworth tractor with an attached trailer, which had a combined estimated weight of over 10,000 pounds, in the furtherance of his duties for Cyclone Trucking.

### PLAINTIFF: CALVIN MOERBE

14. On the date of the incident Plaintiff, Calvin Moerbe, was driving his vehicle, a 2016 Ford Fusion, traveling toward his home in Taylor from Austin, Texas. Mr. Moerbe lives on the border of Thrall and Taylor Texas.

### THE INCIDENT

15. At approximately 12:30 p.m. on or around June 10, 2019, both the Ford driven by Plaintiff, and the Kenworth Truck and Trailer, driven by Mr. Adcock, were traveling east on US Highway 79 loop to Highway 79, at or around the 1000 block of US Highway 79.

16. As Plaintiff took the exit ramp, a long over pass ramp that directs traffic east on US Highway 79, he began slowing his vehicle appropriately and in compliance with the reduced speed limit notifications posted on the loop. Defendant Adcock was following at a distance behind Plaintiff. The posted speed limit reduced the speed on the loop from sixty-five (65) miles per hour, to forty-five (45) miles per hour. Plaintiff began slowing down to the posted speed limit as he entered the exit loop on Highway 79, traveling east, to Highway 79 towards Thrall, where Plaintiff resided.

17. Defendant, who was following Plaintiff, traveling east bound in the right-hand lane

on the exit loop, failed to slow down to the posted speed limit and failed to maintain an appropriate level of speed for the exit ramp. Defendant suddenly and violently crashed into the rear of Plaintiff's vehicle at a high rate of speed. The impact of the initial collision shocked Plaintiff, and pushed Plaintiff's vehicle forward. Even after the initial impact, Defendant failed to slow down and violently struck Plaintiff's vehicle a second time while traveling along the exit ramp to Highway 79. The Defendant, however, continued his careless, negligent, and reckless driving after both impacts at high rate of speed. Defendant nearly sideswiped Plaintiff's vehicle a third time as he passed Plaintiff on the left, causing Plaintiff to veer off of his designated lane of traffic. After the second impact, but just before the third, Plaintiff made an evasive maneuver, and moved his vehicle toward the right-hand shoulder of the exit ramp, where the ramp meets Highway 79, to avoid being crushed by the massive vehicle driven by Mr. Adcock.

18. Defendant continued at a high rate of speed on to Highway 79, and moved his vehicle over from the right-hand lane into the left-hand lane, closely passing and nearly crushing Plaintiff's vehicle. Defendant whipped his vehicle back and forth between the left and right lanes, causing his Kenworth and trailer to swerve and shake violently between lanes.

19. Plaintiff slowed on the right-hand shoulder, as is customary after a violent collision, and noticed that Defendant had no intention of slowing and/or stopping his vehicle.

20. Defendant never made an attempt to stop, slow down, render aid, or view the damage caused by his negligent and reckless behavior. Defendant continued on Highway 79, toward the city of Thrall. Plaintiff realized that Defendant had no intention of stopping to render aid, or survey the damage caused, and began following Defendant.

21. Plaintiff followed Defendant, in his damaged, but drivable vehicle, for approximately six (6) miles to the town of Thrall. While being followed by Plaintiff, Defendant

continued on and never stopped or slowed down.

22. Plaintiff pulled into the police station at Thrall, approximately two blocks into town along Highway 79, the route Defendant was taking to flee the scene. As he approached the Thrall Police Department, Mr. Moerbe noticed two officers standing outside the police station. Plaintiff approached the officers and quickly told them what had happened. Plaintiff told the police about the incident and the make, model, and license plate of the Defendants' vehicle. One of the officers took the information, quickly surveyed the damage, and pursued the Defendant.

23. The Thrall police eventually caught up to Defendant, and pulled him over between the towns of Thorndale and Rockdale, approximately thirteen (13) miles outside of Thrall. The police then escorted Defendant Adcock back to Thrall where Taylor police arrived.

## COUNT 1
### NEGLIGENCE – TONY LEWIS ADCOCK

24. Plaintiff incorporates, by reference, all preceding paragraphs of this Complaint as if fully set forth herein verbatim. Plaintiff further pleads Count 1, in addition to any other Count contained in this complaint herein, and pleads Count 1 supplementally and/or in the alternative, in order that these pleadings may effectuate the maximum degree of recovery available under Texas law against one or more Defendants, individually and/or collectively, jointly and/or severally, found liable for such injuries and damages.

25. Mr. Adcock was an employee of Cyclone Trucking, and was operating his truck, 2015 black Kenworth truck-tractor and semitrailer combination vehicle ("Truck"), in the regular course and scope of his employment and on behalf of Cyclone Trucking.

26. On or about June 10, 2019, Mr. Moerbe was a lawful operator of a motor vehicle in the State of Texas, was involved in motor vehicle collisions on the US Highway 79 exit loop in Taylor Texas, when Defendants' Truck collided with Plaintiff's vehicle.

27.     Defendant Adcock was careless and negligent in the operation of Cyclone Trucking's motor vehicle, which caused Mr. Moerbe to suffer severe personal injuries and damages.

28.     As a direct and proximate result of Defendants actions, including causing the incident and collisions made the basis of this suit, Mr. Moerbe sustained severe painful bodily injuries and damages, including but not limited to; damages to his spine which will require surgeries, extensive medical treatment, disfigurement, loss of use and function, and will likely require significant physical rehabilitation.

29.     As a direct and proximate result of the physical injuries and damages sustained by Mr. Moerbe in the incident and collisions, Mr. Moerbe has been incapacitated from pursuing his usual employment and other activities, may be left with disabilities that will in the future similarly incapacitate him and cause him pain and suffering, mental anguish and may require medical treatment.  Likewise, Mr. Moerbe has incurred medical expenses and damages, and will in all likelihood incur additional medical expenses in the future.  Mr. Moerbe has endured painful and time-consuming treatment to help alleviate or repair the damage to his spine, and will in all likelihood be forced to endure future additional treatment to attempt to repair the damages done to him by Defendants, including but not limited to surgery and physical therapy.

30.     Plaintiff alleges that Defendant Adcock was negligent in his operation of the vehicle he was driving in the course and scope of his employment for Cyclone Trucking. Defendant Adcock was negligent and failed to exercise ordinary care in the operation of Defendants' vehicle in one or more of the following ways, including but not limited to:

    a.  by failing to keep a proper lookout, which a person of ordinary prudence would have done and maintained under same or similar circumstances;

  b.  by failing to control Defendant's speed;

  c.  by failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

  d.  by failing to stop the vehicle, before the collision made the basis of this suit, during the collision made the basis of this suit, or after the collision made the basis of this suit;

  e.  by failing to maintain the requisite level of prudence and care of a commercial vehicle license holder;

  f.  by failing to turn the vehicle in an effort to avoid the collision in question;

  g.  by failing to maintain a safe distance;

  h.  by recklessly causing the incident made the basis of this lawsuit;

  i.  by recklessly and with conscious disregard for the safety and wellbeing of others, colliding on multiple occasions with Plaintiff's vehicle, while negligently and/or recklessly operating a commercial vehicle;

  j.  by failing to maintain an assured clear distance;

  k.  by failing to yield the right of way;

  l.  by failing to control the vehicle;

  m.  by allowing for driver inattention;

  n.  by failing to exercise normal judgment and foresight with regard to the incident made the basis of this suit;

  o.  by failing to exercise normal judgment and foresight, Defendant failed to take reasonable and necessary steps within Defendant's control to prevent or avoid the incident; and

  p.  for such other and further negligence and negligence *per se* as discovery may reveal.

## COUNT 2
### GROSS NEGLIGENCE – TONY LEWIS ADCOCK

31. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if

fully set forth herein verbatim.  Plaintiff further pleads Count 2, in addition to Counts 1, and any other Count contained in this complaint herein, and pleads Count 2 supplementally and/or in the alternative, in order that these pleadings may effectuate the maximum degree of recovery available under Texas law against one or more Defendants, individually and/or collectively, jointly and/or severally, found liable for such injuries and damages.

32.     Plaintiff alleges that Defendant Adcock was grossly negligent in his operation of a commercial vehicle, in violation of compliance with Federal Motor Carrier Safety Administration ("F.M.S.C.A.").  Defendant Adcock, displayed callous recklessness or in the alternative, a wanton disregard for the life, safety, and wellbeing of Mr. Moerbe and others drivers on the US Highway that day like Mr. Moerbe.  When viewed objectively from the standpoint of Mr. Adcock, at the time of the initial impact with Mr. Moerbe's vehicle, continuing to travel at a high rate of speed and not slowing or stopping his commercial vehicle after the initial impact, involved an extreme degree of risk (considering the probability and magnitude of the potential harm to others) of which Mr. Adcock was aware, as a commercial license holder.  Nevertheless, Mr. Adcock proceeded to continue to travel at a high rate of speed, and crash into Mr. Moerbe a second time with conscious indifference to the rights, safety, or welfare of Mr. Moerbe or others on the road that day.  Thus, Plaintiff alleges that Defendant was grossly negligent on the date of the incident.

33.     Further, Defendant Adcock knew that his actions were substantially certain to result in serious injury or death because operating commercial trucks with attached trailers, such as the one driven by Defendant, by its nature, is a dangerous activity.  Mr. Adcock enhanced, increased, or exacerbated this danger through his activities.  As a result of Mr. Adcock's gross, reckless, willful, wanton, and careless conduct, he should be appropriately punished with the imposition of punitive damages.

### COUNT 3
### OTHER NEGLIGENCE & NEGLIGENCE *PER SE* – TONY LEWIS ADCOCK

34. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein verbatim.  Plaintiff further pleads Count 3, in addition to Counts 1, 2, and any other Count contained in this complaint herein, and pleads Count 3 supplementally and/or in the alternative, in order that these pleadings may effectuate the maximum degree of recovery available under Texas law against one or more Defendants, individually and/or collectively, jointly and/or severally, found liable for such injuries and damages.

35. Plaintiff alleges that Defendant Adcock was guilty of other negligence and negligence *per se* in his operation of a commercial vehicle, in violation of compliance with Federal and Texas statutory laws, governing the operation of a motor vehicle and commercial vehicle on state and federal roadways.  Defendant Adcock, as alleged herein and elsewhere in this complaint, violated numerous provisions of the F.M.C.R and Texas Transportation code, including but not limited to sections §522.003, §541.302, §542.301, §542.304, and §542.4045.  *See* TEX. TRANSP. CODE. (2020).  Thus, Plaintiff alleges that Defendant was negligent *per se* on the date of the incident.

### COUNT 4
### NEGLIGENCE – CYCLONE TRUCKING

36. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein verbatim.  Plaintiff further pleads Count 4, in addition to Counts 1, 2, 3 and any other Count contained in this complaint herein, and pleads Count 4 supplementally and/or in the alternative, in order that these pleadings may effectuate the maximum degree of recovery available under Texas law against one or more Defendants, individually and/or collectively, jointly and/or severally, found liable for such injuries and damages.

37. Defendant Cyclone Trucking was careless and negligent in the ownership and operation of its motor vehicle, which caused Mr. Moerbe to suffer severe personal injuries and damages.

38. As a direct and proximate result of said incident and collision, and as listed previously herein, Mr. Moerbe was caused to sustain severe painful bodily injuries and damages, including but not limited to damages to his spine which will require surgeries, extensive medical treatment, and will likely require significant physical rehabilitation.  The physical injuries and damages sustained by Mr. Moerbe in the incident and collisions, include but are not limited to:

    a.    incapacitation and loss of full use and enjoyment of his spine, in the past, and future;

    b.    physical pain, mental anguish, trauma, and damages related to the injuries sustained in the incident;

    c.    past and future medical care, expenses, treatment, rehabilitation, and painful and dangerous surgeries to repair the damages related to the incident; and

    e.    disfigurement, loss of earning capacity in the past and future, loss of time due to surgeries and/or rehabilitation in the past and future, and all other personal injuries and damages allowable under Texas law that will in the future similarly incapacitate him and cause him pain and suffering, mental anguish and may require medical treatment.

39. Upon information and belief, on the date of the incident, Cyclone Trucking was in the business of managing a fleet of commercial vehicles, including the one being operated by Mr.

Adcock, their employee on the date of the incident. Plaintiff alleges that Cyclone Trucking was negligent and is vicariously liable for the acts of Mr. Adcock, because Mr. Adcock was an employee of Cyclone Trucking and operating the motor vehicle owned by Cyclone Trucking in the furtherance of the business of Cyclone Trucking. When Mr. Adcock caused the incidents made the basis of this suit, he did so as an agent and employee of Cyclone Trucking, thus, Cyclone Trucking is liable pursuant to the doctrine of *respondeat superior.*

40. Further, Cyclone Trucking's own negligence in connection with the incident in question, includes one or more of the following, which proximately caused the injuries and damages to Plaintiff for which Plaintiff herby sues. Cyclone Trucking was negligent:

   a. in its hiring of Defendant Adcock;

   b. in its entrustment of the fleet vehicle under its control to Defendant Adcock;

   c. in its general training and safety implementation related to its fleet and drivers;

   d. in its retention;

   e. in its failure and breach of duty to have adequate safety management and controls in place to prevent losses and injuries such as those made the basis of this lawsuit;

   f. in its failure and breach of duty to meet or comply with all statutory requirements of a reasonable and compliant motor carrier; and

   g. for such other and further negligence or negligence *per se* that discovery in this matter may reveal.

## COUNT 5
### NEGLIGENT TRAINING, SUPERVISION, ENTRUSTMENT & CONTROL – CYCLONE TRUCKING

41. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein verbatim. Plaintiff further pleads Count 5, in addition to Counts 1, 2, 3, 4 and any other Count contained in this complaint herein, and pleads Count 5 supplementally and/or

in the alternative, in order that these pleadings may effectuate the maximum degree of recovery available under Texas law against one or more Defendants, individually and/or collectively, jointly and/or severally, found liable for such injuries and damages.

42. Cyclone Trucking knew, or should have known, that Mr. Adcock's hours were not in compliance with F.M.S.C.A. regulations, which were enacted largely to combat the dangers of driver fatigue.

43. Cyclone Trucking knew, or should have known, that Mr. Adcock was awake for more than 24 consecutive hours immediately before the subject incident on June 10, 2019.

44. As a result of Mr. Adcock's fatigue, he either fell asleep behind the wheel of his truck while he was driving, or was inattentive, failed to keep a proper lookout and failed to slow down for traffic ahead, and resultantly collided with Plaintiff's vehicle not once, but twice. Crashing into Plaintiff's vehicle on multiple occasions so indicates a level of inattention that it amounts to gross negligence and gross mismanagement or training by Cyclone Trucking.

45. In the alternative, or in addition, Mr. Adcock was a distracted driver because he was using a cellular telephone to talk, text, or use the internet, while he was operating a commercial vehicle which is a direct violation of F.M.S.C.A regulations, and was so inattentive, the failure to keep a proper lookout proximately caused Defendant to collide with Plaintiff more than once without ever slowing down. This level of distracted driving constitutes gross negligence, gross mismanagement, failure of control, and failure to training by Cyclone Trucking.

46. Further, Defendant Cyclone Trucking knew that its actions were substantially certain to result in serious injury or death because the operation of a Kenworth tractor, with attached trailer, by its nature is a dangerous activity. Cyclone Trucking heightened this danger through its gross negligent activities.

47. Upon information and belief, Cyclone Trucking recklessly and intentionally engaged in a pattern and practice of having its drivers violate the F.M.S.C.A. regulations.

48. Upon information and belief, Cyclone knew or should have known that its drivers, specifically Mr. Adcock, were routinely working shifts longer than permitted under the F.M.C.S.A. regulations, driving more hours per day than permitted under the F.M.S.C.A. regulations, driving more consecutive hours without rest than permitted under the limits set forth in the F.M.S.C.A. regulations, and working more hours per week than permitted under the F.M.S.C.A. regulations.

49. Upon information and belief, and in addition or the alternative, Cyclone knew or should have known that its drivers, specifically Mr. Adcock, were not properly trained or instructed regarding driver inattention, fatigue, recklessness or carelessness, and that Mr. Adcock did not exhibit the standard of care required to operate Cyclone Trucking's vehicles in compliance with F.M.C.S.A. regulations.  Upon information and belief, Cyclone Trucking knew or reasonably should have known, that Mr. Adcock had been in other accidents such as this one, prior to the incident, and reasonably knew or should have known that Mr. Adcock's driving record, lack of training, lack of care, and propensity for recklessness, put him at a high degree of risk to the general public.  Despite knowing that Mr. Adcock was either under trained, inexperienced, or had a propensity for recklessness, Cyclone Trucking actively chose to put Mr. Adcock on the road in one of their vehicles, and send him across state lines, with conscious indifference to the harm and damages that he might cause as a result.

50. Cyclone Trucking not only failed to condemn, stop, restrain, or prevent Mr. Adcock, but rather Cyclone Trucking condoned, ratified, and sanctioned this practice of its drivers to routinely violate the F.M.S.C.A. regulations.  This behavior is evidenced by the utter lack of training or care exhibited by Cyclone Trucking with regard to their drivers' disregard for the

F.M.S.C.A. regulations, as exhibited by Mr. Adcock when he crashed into Plaintiff's vehicle twice, and when Mr. Adcock fled from the scene. No where in the F.M.S.C.A. are drivers encouraged to a) hit other drivers multiple times, b) after doing so to flee from the scene, and c) drive as far and as fast as possible away from the scene of an accident. Such behavior indicates a complete disregard for the laws of the State of Texas, the F.M.S.C.A. regulations, and a failure by Cyclone to train, supervise, manage, control, or otherwise protect the general public from Mr. Adcock.

51. Cyclone Trucking knew or should have known that its drivers were routinely fatigued, distracted, or otherwise putting themselves and others on the road in danger, by working dangerously long shifts, or driving while distracted, when driving trucks across state lines on behalf of Cyclone Trucking.

52. Upon information and belief, Cyclone Trucking recklessly and intentionally failed to take proper measures to combat the serious danger of its drivers suffering from fatigue, driver inattention, and driver carelessness.

53. As a direct, substantial, and proximate result of the reckless or intentional conduct of Cyclone Trucking, as set forth above, Plaintiffs suffered serious injuries and damages.

### COUNT 6
#### GROSS NEGLIGENCE – CYCLONE TRUCKING

54. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein verbatim. Plaintiff further pleads Count 6, in addition to Counts 1, 2, 3, 4, 5 and any other Count contained in this complaint herein, and pleads Count 6 supplementally and/or in the alternative, in order that these pleadings may effectuate the maximum degree of recovery available under Texas law against one or more Defendants, individually and/or collectively, jointly and/or severally, found liable for such injuries and damages.

55. Plaintiff alleges that Defendant Cyclone Trucking was grossly negligent in its

operation, management, and supervision of a commercial fleet of vehicles, in violation of compliance with the F.M.S.C.A.  Defendant Cyclone Trucking, displayed callous recklessness or, in the alternative, a wanton disregard for the life, safety, and wellbeing of Mr. Moerbe and other drivers on the US Highway on the date of the incident like Mr. Moerbe.  When viewed objectively from the standpoint of Cyclone Trucking (at the time of the incident with Mr. Moerbe's vehicle) continuing to have under trained, unsupervised, reckless and careless drivers such as Mr. Adcock behind the wheel of a Cyclone Truck, involved an extreme degree of risk (considering the probability and magnitude of the potential harm to others) of which Cyclone Trucking was aware, as a commercial fleet operator.  Nevertheless, Cyclone Tucking proceeded to employ underqualified, inexperienced, under trained, fatigued, distracted, carless drivers such as Mr. Adcock with conscious indifference to the rights, safety, or welfare of Mr. Moerbe or others on the road that day.  Thus, Plaintiff alleges that Defendant Cyclone Trucking was grossly negligent on the date of the incident.

56. Cyclone Trucking's acts and/or failures to act under the circumstances of this case were outrageous in that Cyclone Trucking's conduct amounted to reckless indifference to the safety of its drivers, and of other drivers and passengers on the road.

57. Further, Defendant Cyclone Trucking knew that its actions were substantially certain to result in serious injury or death because operating a fleet of commercial trucks, pulling trailers for a combined weight of over 10,000 pounds, by its nature is a dangerous activity.  Cyclone Trucking heightened, increased, and enhanced this danger through its activities.  Cyclone Trucking as a fleet manager, operator and supervisor, knew of and could foresee of the risks involved in placing Defendant Adcock behind the wheel of a 2015 Black Kenworth tractor, pulling a trailer, on the date of the incident.  As a result of Cyclone Trucking's gross, reckless, willful, wanton, and

intentional conduct, Cyclone Trucking should be appropriately punished by this Honorable Court and Jury with the imposition of punitive damages.

## COUNT 7
### OTHER NEGLIGENCE & NEGLIGENCE *PER SE* – CYCLONE TRUCKING

58.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein verbatim.  Plaintiff further pleads Count 7, in addition to Counts 1, 2, 3, 4, 5, 6, and any other Count contained in this complaint herein, and pleads Count 7 supplementally and/or in the alternative, in order that these pleadings may effectuate the maximum degree of recovery available under Texas law against one or more Defendants, individually and/or collectively, jointly and/or severally, found liable for such injuries and damages.

59.     Plaintiff alleges that Defendant Cyclone Trucking was guilty of other negligence and negligence *per se* in its ownership and management of the operation of a commercial vehicle, in violation of compliance with Federal and Texas statutory laws, governing the operation of a motor vehicle and commercial vehicle on state and federal roadways.  Defendant Cyclone Trucking, as alleged herein and elsewhere in this complaint, violated numerous statutes and provisions of the F.M.C.R and Texas Transportation code, including but not limited to sections §542.302.  *See* TEX. TRANSP. CODE. (2020).  Thus, Plaintiff alleges that Defendant was negligent *per se* on the date of the incident.

### PRAYER FOR RELIEF

60.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein verbatim.

61.     Such negligence, gross negligence, and/or negligence per se by Defendants and/or each of them proximately caused personal injuries and damages to Plaintiff for which Plaintiff seeks recovery from all Defendants, jointly and/or severally, in all elements recoverable under the

laws of the State of Texas. Plaintiff seeks recovery to the maximum extent allowed by law and in amounts exceeding this Court's minimum jurisdictional limits, all such amounts to be determined by a duly-empaneled jury, and including, but not limited to, the past, and in all reasonable probability the future: physical pain and mental anguish, lost earnings, loss of earning capacity, disfigurement, physical impairment, and medical care expenses.

62.     For the gross negligence of each Defendant, Plaintiff seeks the recovery of exemplary damages against Defendants and/or each of them to the maximum extent permitted by applicable law, in amounts exceeding this Court's minimum jurisdictional limits, with all such amounts to be determined by a duly-empaneled jury.

63.     Plaintiff seeks prejudgment interest and post-judgment interest to the maximum extent allowed by law.

## JURY DEMAND

64.     Plaintiff, pursuant to the Constitution of the United States of America and the Constitution of the State of Texas, respectfully demands a trial by jury on all triable issues of fact. Plaintiffs hereby makes this demand for a jury trial as to all issues so triable as a matter of right, pursuant to FED. R. CIV. PRO. 38(b)(1) and 38(c).

65.     By filing of this complaint, and pursuant to the signature of the undersigned hereto, attorney for Plaintiff hereby certifies that, to the best for the undersigned's knowledge, information, and belief, formed after a reasonable inquiry: (a) this pleading has not been presented for an improper purposes; (b) the claims are supported by existing law or by a good-faithed argument for extension of or change in existing law; (c) the allegations, facts as plead, and counts have, or are likely to have after a reasonable opportunity for investigation, evidentiary support; and (d) the factual contentions are warranted by the evidence or are based on belief or a lack of

information.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that that upon final jury trial, Plaintiff recover from Defendants and/or each of them all actual damages and exemplary damages, in amounts to be determined by a duly-empaneled jury, recoverable under the substantive laws of the State of Texas and any applicable federal law, within the jurisdictional limits of this Court, plus costs of court, prejudgment and post-judgment interest, and such other and further relief to which Plaintiff may be entitled at law and in equity.

    Respectfully submitted,

**THOMAS J. HENRY LAW, PLLC**
P.O. Box 696025
San Antonio, Texas 78269
(210) 656-1000 – Phone
(877) 513-1359 – Facsimile
Service email: *hplummer-svc@tjhlaw.com*
**Service by email to this address only**

By: _____
    Hugh J. Plummer
    "*Attorney in Charge*"

    Texas State Bar No.: 24039119
    U.S. Southern Dist. Court No.: 36757

***Attorneys for Plaintiff***